a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| VERAN JONES #312716, Plaintiff | CIVIL DOCKET NO. 1:21-CV-03266 SEC P |
| VERSUS | JUDGE DRELL |
| MARCUS MEYERS ET AL, Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (ECF Nos. 1, 7) filed by *pro se* Petitioner Veran Jones ("Jones"). Jones is an inmate in the custody of the Louisiana Department of Corrections ("DOC"), incarcerated at the Raymond Laborde Correctional Center in Cottonport, Louisiana.

Because Jones fails to state a viable claim under § 2254, his Petition (ECF Nos. 1, 7) should be DISMISSED WITHOUT PREJUDICE.

I. Background

Jones was convicted and sentenced on an unspecified date in the 23rd Judicial District Court, Ascension Parish. He provides no factual claims or procedural history in his Petition. Jones only alleges that Defendants violated his constitutional rights by failing to adhere to DOC Emergency Administrative Remedy Procedure Policy

Regulation B-05-005, Chapter 4, Provision 1-4, and committing malfeasance under DOC rules[1]. ECF No. 1 at 3.

Jones was ordered to amend his Petition to state what relief he is seeking and whether he is challenging his underlying conviction. ECF No. 10. To the extent he is challenging the conviction in Ascension Parish, Jones was also ordered to show that he exhausted his federal claims in Louisiana's state courts and that his Petition is timely. *Id.* In response, Jones simply refers the Court back to his Petition and provides the name of his criminal attorney from that case. ECF No. 11. Jones provides no information or exhibits indicating whether the Petition is timely or properly exhausted.

II. <u>Law and Analysis</u>

Jones does not specify what relief he seeks in this habeas action, nor does he indicate whether he is challenging his underlying conviction. To the extent Jones is seeking a speedier release from custody for an unlawful conviction or sentence, his claim is properly filed in a habeas petition under § 2254. *See Muhammad v. Close*, 540 U.S. 749, 750 (2004) ("Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus.").

However, before seeking federal habeas relief, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights. *See Baldwin v. Reese*, 541

---

[1] The undersigned notes that Jones contemporaneously filed a Complaint under 42 U.S.C. § 1983, which has been denied and dismissed. *See Jones v. Williams, et al.,* 1:21-CV-3267 (W.D. La.), ECF No. 22.

U.S. 27, 29 (2004); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999); 28 U.S.C. § 2254(b)(1). To provide the State with this necessary "opportunity," the prisoner must "fairly present" his claim to the appropriate state court in a manner that alerts that court to the federal nature of the claim. *Baldwin*, 541 U.S. at 29-32.

If Jones intends to challenge his conviction and sentence, thereby seeking a speedier release from custody, he must first exhaust his claims in Louisiana's state courts and show that his Petition was timely filed. Jones has failed to do so despite being afforded the opportunity to amend.[2]

To the extent he seeks a release from custody for Respondent's failure to comply with DOC administrative remedy procedures, he provides no authority for such relief. Jones does not show that his custody is in violation of the Constitution or laws of the United States. *See Geiger v. Jowers*, 404 F.3d 371, 374–75 (5th Cir. 2005) (no constitutional right to a grievance procedure or having a grievance resolved to one's satisfaction).

### III. Conclusion

Because Jones fails to show he is entitled to relief under § 2254, IT IS RECOMMENDED that his Petition (ECF No. 1, 7) be DENIED and DISMISSED WITHOUT PREJUDICE.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service,

---

[2] Jones was apparently convicted prior to 2009. *See State v. Jones*, 2008-2442 (La. 5/15/09); 8 So.3d 571. Therefore, his Petition is likely prescribed.

unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within 14 days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

SIGNED on Friday, January 14, 2022.

JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE